UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMERICAN CASUALTY COMPANY and CONTINENTAL INSURANCE COMPANY a/s/o TECTONIC MANAGEMENT GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIGHTHOUSE SAFETY, LLC and RELIANCE INDUSTRIES, INC., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ON PLANTIFFS' MOTION TO MODIFY SCHEDULING ORDER (ECF 36) AND PLAINTIFFS' RULE 6(b) MOTION TO EXTEND TIME (ECF 41)** <br><br> Case No. 2:22-cv-301 <br><br> Judge David Barlow <br><br> Chief Magistrate Judge Dustin B. Pead |

Before the court are two motions filed by Plaintiffs American Casualty Company and Continental Insurance Company, a/s/o Tectonic Management Group, Inc. (collectively "Plaintiffs"). In these related motions Plaintiffs seek to modify the extant scheduling order, under which the Plaintiffs agreed that fact discovery was to close on October 28, 2023, to extend fact discovery and expert discovery so that Plaintiffs can seek an additional fact deposition and submit expert disclosures.[1] Plaintiffs also seek an extension of time to respond to Defendant Reliance Industries, Inc.'s recently filed motion for summary judgment.[2]

---

[1] (*See* ECF No. 36.)

[2] (*See* ECF No. 41; *see also* ECF No. 33 (filed Jan. 30, 2024.)

Defendant Reliance opposes both motions arguing that Plaintiffs cannot show good cause or excusable neglect to amend the scheduling order or to extend the time.[3]  For the reasons discussed below, Plaintiffs' motion to modify is denied and their motion for an extension of time is granted in part.[4]

<u>BACKGROUND</u>

This action commenced on May 3, 2022, with the filing of Defendants' notice of removal.[5]  Shortly thereafter, the parties filed their attorney planning meeting report in which they agreed that fact discovery should close on February 24, 2023.[6]  On June 6, 2022, the court entered a scheduling order adopting this date and other procedural and filing deadlines.[7]  Six months later the parties filed a stipulated motion to modify the initial scheduling order to extend certain deadlines.  Among others, the parties requested that the court extend the fact discovery deadline to April 25, 2023.[8]  One day later the court entered an amended scheduling order to reflect the agreed upon deadlines.[9]  Just three months later, on April 25, 2023, the parties filed another stipulated motion seeking to again extend all discovery deadlines and other filing

---

[3] Defendant Lighthouse Safety, LLC has not opposed Plaintiffs' motions.

[4] Although a hearing has already been set (*see* ECF No. 46), the court now concludes that argument is not necessary and has decided these motions on the briefing.  *See* DUCivR 7.1(g). The court will strike the previous calendared oral argument.

[5] (ECF No. 2.)

[6] (ECF No. 22 at ¶ 2.g.)

[7] (ECF No. 23.)

[8] (ECF No. 24.)

[9] (ECF No. 26.)

deadlines.[10]  Once again, the court granted the parties' motion and entered another amended

scheduling order, which established a fact discovery deadline of July 25, 2023, and adopted the

other deadlines agreed to by the parties.[11]  Following entry of that scheduling order, the parties

conducted six depositions in the months of June and July 2023, including Rule 30(b)(6)

depositions of the named parties.[12]  The Defendants took four of the depositions;  three of which

were conducted on the same day, July 26, 2023.  The Plaintiffs only took two depositions:  the

Rule 30(b)(6) deposition of Lighthouse Safety and the Rule 30(b)(6) deposition of Reliance.[13]

Plaintiffs conducted all their depositions by videoconference.  The last of these six depositions

was concluded on July 26, 2023.[14]  After that date no further depositions were taken or

scheduled.

 Despite the fact that fact discovery had closed two months prior on July 25, 2023, sixty-

two days later, on September 26, 2023, the parties returned to the well again and filed their third

stipulated motion to modify the scheduling order, this time seeking a 90-day extension of fact

discovery until October 18, 2023.[15]  In their stipulated motion, the parties specifically noted that

they "have identified 3-4 additional witnesses that need to be deposed and are coordinating

schedules of both counsel and the witnesses," and that the "additional 90 days is necessary to

---

[10] (ECF No. 28.)

[11] (ECF No. 29.)

[12] (*See* ECF No. 45 at 2 (citing ECF No. 33, Exs. C, E, F, G, I & J).)

[13] (*See id.*)

[14] (*See* ECF No. 33, Ex. C).)

[15] (ECF No. 31.)

complete the fact discovery."[16]  They did not address why they did not file this motion before

fact discovery closed.  Nor did they attempt to establish any excusable neglect for failing to do

so.  Nevertheless, the court again granted the motion and entered what was the fourth scheduling

order in this action, and, as requested, extended the fact discovery deadline to October 18, 2023,

extended the deadline for expert disclosures by the party bearing the burden of proof to

December 8, 2023, and extended the deadline for serving expert reports by the party bearing the

burden of proof to January 21, 2024.[17]

Plaintiffs, however, did not take any additional depositions after this extension was

granted and before fact discovery closed.  Nor did they formally notice any depositions under

Fed. R. Civ. P. 30(b) or prepare and serve any subpoenas for testimony under Fed. R. Civ. P. 45.

And Plaintiffs did not file any motion to modify the scheduling order before fact discovery

closed.  Other than asking Defendants on October 9, 2023 (a date just nine days before fact

discovery closed), if they made "[a]ny headway on a date for John Corriveau"—the sole witness

Plaintiffs still wished to depose—Plaintiffs' counsel did nothing to advance any deposition.[18]

---

[16] (*See id*. at 2.)

[17] (*See* ECF No. 32.) There is some confusion as to the actual date for the close of fact discovery.
The proposed order filed on September 26, 2023, with the stipulated motion appears to have a
scrivener's error.  The date proposed for the close of fact discovery was listed as September 25,
2023, and the last day to serve written discovery was listed as October 18, 2023.  (*See* ECF No.
31-1 at 2.)  Given that this motion was filed on September 26, a date calling for the close of fact
discovery on September 25—which was a day earlier—makes no sense.  Although the court did
enter a new scheduling order with the dates as they were listed in the proposed order, the court
now observes that the dates for closing fact discovery and the last day to serve written discovery
must have been transposed.  For purposes of the current motions, the court will deem October
18, 2023, as the date for the closing of all fact discovery.

[18] (*See* ECF No. 36-2.)

Moreover, Plaintiffs' counsel did not even follow up on the October 9 email until October 26, 2023—six days <u>after</u> fact discovery closed—to inquire again about a deposition date.[19]

It was not until November 7, 2023, when Plaintiffs asked again about deposition dates for Mr. Corriveau.[20]  When they did so, Plaintiffs' counsel also stated that, "Looking at our scheduling order we may need to adjust it one more time to accommodate this deposition, given that fact discovery ends at the end of this month."[21]  Of course, that statement was incorrect as fact discovery had closed over two weeks earlier.

In the ensuing 84 days there were no further communications to or from the Plaintiffs concerning any depositions or the need to modify the scheduling order to further extend the fact discovery cut-off date, which had long since expired, or the exchange of initial expert disclosures, which were due on December 8, 2023, or the exchange of opening expert reports, which were due on January 21, 2024.  It was not until after Reliance filed its summary judgment motion on January 30, 2024—more than three months after fact discovery had closed—that Plaintiffs' counsel contacted Defendants' counsel to raise these concerns anew.[22]

Soon thereafter, on February 6, 2024, Plaintiffs filed their motion to modify the scheduling order (for the fifth time) in which they asked the court to extend the now long-expired October 18, 2023, fact discovery deadline to May 1, 2024, an extension of another six and one

---

[19] (*See id.*)

[20] (*See id.*)

[21] (*See id.*)

[22] (*See* ECF No. 36-1.)

half months.[23]  Plaintiffs also sought an extension of expert-related discovery, including

extending the initial expert disclosure date from the December 8, 2023 deadline to July 8, 2024,

an extension of seven months; extending the exchange of opening expert reports from the

expired January 21, 2024 deadline to September 21, 2024, an extension of eight months; and an

extension on the close of all expert discovery from March 31, 2024, to November 29, 2024, an

extension of eight months.[24]  Plaintiffs also sought, for reasons not explained in their motion, an

extension of the "last day to serve written discovery" from the long-expired September 25, 2023

date to April 1, 2024.[25]

<u>ANALYSIS</u>

To succeed on its motions, Plaintiffs must show both good cause and excusable neglect.

Federal Rule of Civil Procedure 6(b) provides that a court may "for good cause" extend time to

complete an act, but once the time to complete that act has expired, as it has here, the requesting

party must also establish "excusable neglect" for failing to act on time.[26]  Courts have examined

the following four factors to determine excusable neglect:

> (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and
> its potential impact on judicial proceedings; (3) the reason for the delay, including whether
> it was in the reasonable control of the movant; and (4) whether the movant acted in good
> faith."[27]

---

[23] (*See* ECF No. 36-3.)

[24] (*See id*.)

[25] (*See id*.)

[26] Fed. R. Civ. P. 6(b)(1)(B).

[27] *Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023)
(unpublished) (citations omitted).

In addition, Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent."  While the "good cause" and "excusable neglect" standards are related, they are not identical.  As this court has previously noted:

> Without attempting a rigid or all-encompassing definition of "good cause" it would appear to require at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified" is normally required.

*Gelt Trading, Ltd. v. Co-Diagnostics, Inc*., No. 22-cv-00368, 2023 WL 6690574, at *1 (D. Utah Oct. 12, 2023) (unpublished) (quoting *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (cleaned up)).  The court further observed that "[g]ood cause comes into play in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.  It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts." *Id*. (quotations omitted).[28]

---

[28] Relevant factors to consider in determining whether good cause exists to reopen discovery include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Cricut, Inc. v. Enough for Everyone, Inc.*, No. 2:21-CV-00601, 2023 WL 5152413, at *2–3 (D. Utah Aug. 10, 2023) (unpublished) (quoting *Smith v. United States*); *Tracy v. Youth Health Assocs., Inc*., No. 1:20-cv-00088, 2021 WL 2379636, at *2 (D. Utah June 9, 2021) (unpublished) (same).

A. *Plaintiffs Have Not Established Good Cause or Excusable Neglect*

Plaintiffs' main "good cause" argument is that they believed they "had an agreement to extend discovery deadlines once depositions dates were set."[29]  However, no such agreement is expressed in the documents Plaintiffs included with their motion.  In fact, there is no document between the parties—dating before fact discovery closed—that discusses a fact discovery extension.

For example, on September 18, 2023, Plaintiffs informed Defendants that they would "like to depose John Corriveau, the former Lighthouse president," and sought dates for that deposition.[30]  Although the October 18, 2023, fact discovery deadline was fast approaching and would soon pass, Plaintiffs did not raise the issue of extending discovery to take this deposition, despite contacting Defendants on October 9 and October 26 (which was already 6 days after fact discovery closed) to discuss the potential deposition.[31]  It was not until November 7, 2023— almost three weeks <u>after</u> the fact discovery deadline had passed—that Plaintiffs' counsel first referenced that "we may need to adjust [the scheduling order] one more time to accommodate this deposition."[32]  There was no further communication amongst the parties regarding this deposition or any extension of discovery until January 30, 2024, when Plaintiffs' received

---

[29] (ECF No. 36 at 2.)

[30] (ECF No. 36-2.)

[31] (*See id*.)

[32] (*See id*.)

Reliance's motion for summary judgment and fully realized their discovery blunder.[33]  Plaintiffs'
counsel then candidly acknowledged that "we admittedly did not follow up on the deposition as
diligently as we should have."[34]

These facts establish that Plaintiffs cannot show good cause to modify the scheduling
order.  As to the first good cause factor, although no fixed trial date in this action has been set,
Plaintiffs' modification would extend almost all the dates in the current scheduling order by
nearly nine months.  Given the current proposed dispositive motion deadline, this action, which
was filed in May 2022, would not be trial ready until February 2025 at the earliest.

Reliance has opposed this motion and has argued that it would be prejudiced by re-
opening discovery.  Reliance correctly points out that the scheduling order was modified on four
prior occasions, yet Plaintiffs still failed to meet the very deadlines to which they agreed.  In
addition, Reliance filed a motion for summary judgment—a motion that would have to be
withdrawn (or revised) if discovery is re-opened.  Reliance also argues that the significant delay
that would result should Plaintiffs' motion be granted also establishes prejudice.  Reliance argues
that any extension would add to expenses that Reliance is incurring in defending this action,
which would increase if it must participate in or respond to any new discovery demands, prepare
expert reports (or revise expert reports that have already been prepared based on the discovery to
date), and revise or withdraw its pending motion for summary judgment.  While not entirely
persuasive, these facts weigh slightly against Plaintiffs under a good cause analysis.[35]

---

[33] (*See* ECF No. 36-1.)

[34] (*See id*.)

[35] Plaintiffs' reply memorandum devotes most of its attention to the prejudice issue.  (*See* ECF
No. 47.)  But prejudice is simply one factor to consider and, as the court in *Tracy* noted, even if

In addition, Plaintiffs have not offered up any good reason why they failed to complete discovery within the allotted time, and they have not established that they acted with reasonable diligence in pursuing the discovery they now seek.  Plaintiffs were aware of the witness they now wish to belatedly depose no later than June 13, 2022, <u>when they identified him</u> in their initial disclosures as having information that they "may use to support [their] claims or defenses."[36]  Plaintiffs, who only took two depositions this entire action, have not explained why in the following 16 months they were unable to depose Mr. Corriveau.  Plaintiffs have not

---

the lack of prejudice to Reliance weighed in Plaintiffs' favor that would not overcome Plaintiffs' lack of diligence.  *See Tracy*, 2021 WL 2379636, at *3; *see also Cricut, Inc*., 2023 WL 5152413, at *4 (noting that even if some factors weigh in favor of the movant those factors are outweighed by movant's "lack of sufficient diligence in pursing foreseeably relevant discovery within the scheduling order deadlines"); *PNHC, LLC v. North Park Enterprises, LC*, No. 2:20-cv-00788, 2022 WL 6161278, at *3 (D. Utah Oct. 7, 2022) (unpublished) (acknowledging that even though the factor of undue prejudice weighed in favor of excusable neglect movant's inadequate explanation for its delay in seeking an extension of fact discovery deadline was by itself sufficient to deny the motion).  Thus, even assuming a lack of prejudice, Plaintiffs still fail the excusable neglect and good cause requirements as discussed herein.

The court briefly notes that Plaintiffs' reply memorandum relies extensively on a Utah Court of Appeals case, *Cheek v. Clay Bulloch Const., Inc*., 269 P.3d 964 (Utah Ct. App. 2011).  (*See* ECF No. 47 (citing *Cheek* five separate times and as the only authority for its prejudice arguments).)  Plaintiffs' citation to *Cheek* is unhelpful.  First, the case addresses the application of a Utah state court procedural rule concerning dismissal of an action for failure to prosecute.  No such concern is raised here as this action has not been dismissed.  Further, this action does not concern Utah law.  Rather, it concerns the application of the Federal Rules of Civil Procedure, the Local Rules of the District of Utah, a scheduling order entered by the United States District Court for the District of Utah, and federal case law interpreting the same.  And, finally, Plaintiffs do not attempt to explain why citation to a Utah state court decision would be appropriate in these circumstances.

---

[36] (*See* ECF No. 45-1, at ¶ A (identifying John Corriveau as one of the persons that could be expected to testify "regarding the installation of a fall protection reel into place for use in Hanger C for Duncan Aviation.").)

adequately explained why they waited until discovery was nearly closed before asking about Mr. Corriveau's availability or why they never noticed his deposition or subpoenaed him before fact discovery closed.  Notably, Plaintiffs' practice of conducting depositions remotely by videoconference should have made any such scheduling easier.

Plaintiffs also do not explain why they did not reach an agreement with Defendants to extend the fact discovery deadline when it became apparent that the deposition would not or could not be commenced before the deadline would pass.  And, perhaps most concerning, Plaintiffs do not explain why they did not seek relief from the court before the deadline passed (or even in the next three and one half months after it passed).[37]  Learned counsel surely realized, no later than October 19, 2023—the day after fact discovery closed—that any extension of time required the court's approval.[38]  Plaintiffs' only proffered excuse is that they thought they had a tacit agreement with Defendants' counsel.  But Fed. R. Civ. P. 29(b) still required court approval

---

[37] The court recognizes that when the parties jointly sought to amend the scheduling order for the third time in September 2023, that request came two months after the prior fact discover deadline had passed.  But in that instance no party was objecting to the extension.  Further, the fact that Plaintiffs previously missed a fact discovery cut-off and delayed in seeking an extension is inconsistent with their argument that this most recent mistake was an "isolated calendar mistake" or a "single unintentional incident" that should be excused.  (*See* ECF No. 36 at 5 (quoting *Miller v. Power*, 2023 WL 6976602, at *2).)

[38] Both the Federal Rules of Civil Procedure and this court's local rules are clear on that point. *See, e.g.,* Fed. R. Civ. P. 16(b)(4) (requiring a judge's consent to modify a scheduling order); Fed. R. Civ. P. 6(b)(1)(B) (requiring the filing of a motion once a deadline has passed); Fed. R. Civ. P. 29(b) (providing that even if the parties stipulate, any extension of time for discovery must have court approval if "it would interfere with the time set for completing discovery"); DUCivR 83-6 ("No stipulation between the parties modifying a prior order of the court or affecting the course or conduct of any civil proceeding will be effective until approved by the court.").

because the purported agreement (even assuming one existed) would "interfere with the time for completing discovery."

Nor does Plaintiffs' argument that the parties discussions concerning potential mediation before expert discovery or mutual expert exemplar testing establish diligence on Plaintiffs' part.[39]  Those proposals had nothing to do with fact discovery.  Moreover, they were only first raised after fact discovery had closed.[40]  In any event, Plaintiffs' pivot to exploring mediation or exemplar testing, even if agreed to, does not excuse their failure to take the very testimony (or seek a timely extension to take the testimony) that they identified more than 16 months before discovery closed as relevant to their claims.  In light of the above, the court has no trouble concluding that Plaintiffs were not diligent in pursuing the discovery they now seek.[41]

And finally, Plaintiffs have not established they acted in good faith.  First, Plaintiff knew how to request scheduling extensions—they did so on three prior occasions[42]—yet in this instance they waited over three months before contacting the court, and only did so when faced with Reliance's summary judgment motion.  Further, Plaintiffs' apparent willingness to eschew

---

[39] *See, e.g., PNHC, LLC*, 2022 WL 6161278, at *3–4 & n.27 (denying untimely motion to extend discovery even where the delay may have been due to a failed mediation noting that such a circumstance does not "justify [the movant's] tardy request to extend the discovery deadline on the mere hope that some unrequited request for mediation will one day be accepted and yield an outcome that disposes of the case").

[40] (*See* ECF No. 36-1; ECF No. 36-2.)

[41] *See, e.g., Cricut, Inc.*, 2023 WL 5152413, at *3 (denying motion to amend scheduling order filed after discovery closed concluding that movant knew the depositions it was now seeking were foreseeable noting that movant identified almost all the witnesses in filings and disclosures it made long before discovery closed).

[42] (*See, e.g.*, ECF No. 24, ECF No. 28 & ECF No. 31.)

the court's scheduling order runs afoul of both Fed. R. Civ. P 29(b) and this court local rules.[43]

Nor was this a simple calendaring mistake: Plaintiffs were aware of the discovery deadline,

knew the deadline had passed, yet took no steps to seek timely relief from the court. And, as

mentioned above, Plaintiffs have failed to explain why they did not take this deposition in the

allotted period. Indeed, even after they became aware that the fact discovery period expired,

Plaintiffs did not take any affirmative steps in furtherance of the deposition, such as serving a

notice of deposition or serving a subpoena. Further evidence of Plaintiffs' lack of good faith is

that, although its motion is based upon its need for a single additional deposition, its proposed

scheduling modification also seeks to extend written discovery for another almost five months

and all fact discovery for over six months.[44] Plaintiffs' motion, which is based on their

purported need for a single deposition, offers no justification for such a broad and extended

extension and also weighs against a good faith determination.

In summary, the court finds that Plaintiffs have neither established the good cause or

excusable neglect necessary to modify the scheduling order.[45]

---

[43] *See* DUCivR 83-6.

[44] (*See* ECF No. 36-3.)

[45] *See, e.g., Tesone v. Empire Marketing Strategies*, 942, F.3d 979, 989 (10th Cir. 2019)
(concluding district court did not abuse its discretion when it denied motion to extend expert
discovery deadline where movant did not file a timely motion even after she expressed intent to
file such a motion soon after deadline passed but instead waited months to file); *Cricut, Inc.*,
2023 WL 5152413, at *3–4 (denying motion to amend scheduling order finding movant failed to
demonstrate "good cause" noting that movant lacked diligence pursing depositions before
discovery cut-off where it was aware of the potential witnesses "long before fact discovery
closed" and failed to timely move to extend the discovery deadline); *PNHC, LLC*, 2022 WL
6161278, at *3–4 (noting that strategic decision to participate in mediation over extending fact
discovery does not establish excusable neglect to reopen discovery to take just two deposition);
*Tracy*,  2021 WL 2379636, at *2 (denying motion to reopen discovery finding movant showed

13

### B.  Plaintiffs Are Entitled to a Brief Extension to Respond to Summary Judgment

In their second motion, and in the event the court denied their motion to modify, Plaintiffs requested an extension of time to respond to Reliance's motion for summary judgment.[46]  Accordingly, this court grants the Plaintiffs' motion:  Plaintiffs must file their opposition to Reliance's motion for summary judgment on or before April 5, 2024.

### C.  Diversity Issues

The asserted jurisdictional footing for removing this action relies on diversity of citizenship under 28 U.S.C. § 1332.  In support of diversity jurisdiction, the Defendants have alleged that all parties have "diverse citizenship."[47]  In its notice of removal, Defendant Lighthouse Safety, LLC is described as a "Wisconsin limited liability company with its members located in Wisconsin or diverse from Plaintiffs."[48]  And in its Answer, Lighthouse Safety LLC admits it is "a Wisconsin LLC with its principal place of business in Brookfield, Wisconsin, but which is doing business in the State of Utah."[49]

The court lacks sufficient clarity to Lighthouse Safety's members and their respective citizenships.  The mere reference that its members are either "located in Wisconsin" or "diverse from Plaintiffs" is insufficient to establish exactly where the members are domiciled and to determine whether diversity jurisdiction is present.

_____

lack of diligence when she failed to seek discovery that she identified in her own discovery requests).

[46] (*See* ECF No. 41.)

[47] (ECF No. 2 , Notice of Removal, at ¶ 9.)

[48] (*See id*. ¶ 5.)

[49] (ECF No. 13 at ¶ 6; *see also* ECF No. 2, Ex. A at ¶ 6.)

14

Therefore, the court directs Lighthouse Safety, LLC to file a Federal Rule of Civil Procedure 7.1(a)(2) disclosure statement to ensure there is complete diversity in this action. Rule 7.1(a)(2) requires disclosure in a diversity case as follows:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:

When making this disclosure, Lighthouse Safety is further directed that if any member of Lighthouse Safety is a corporate entity, the state of incorporation and principal place of business for each such member must also be disclosed. In addition, if any member is a partnership, the identity, citizenship, and domicile of every individual partner of the partnership (both general and limited) must be disclosed, and if any such partner is an LLC, all members in that LLC must also be disclosed, and if any partner is a corporation, the state of such partner's incorporation and its principal place of business must also be disclosed. Further, if any member (or partner) is a traditional trust, the name, citizenship, and domicile of the trustee of that trust must be disclosed. But if the member (or partner) is a business trust, the identity, citizenship, and domicile of each of the trust's members/beneficiaries/trustees must also be disclosed.

And, finally, full disclosure is also required as to all natural persons identified a member/partner/trustee/beneficiary. For each such person, Lighthouse Safety must disclose the person's identity, citizenship, and domicile (including whether the person is a permanent resident alien of the United States) and disclose whether the person resides in a foreign country.

The parties have the burden of establishing diversity and the Court has an obligation to ensure that it has jurisdiction over the controversary before it. Failure of the parties to establish

jurisdiction will result in dismissal. *See, e.g., Encompass Grp., LLC v. Oceanside Institutional Indus., Inc.*, No. 16CV2560, 2018 WL 2075279, at *2 (E.D.N.Y. May 3, 2018) (dismissing action for lack of subject matter at the summary judgment stage upon finding that plaintiff LLC did not properly allege or establish diversity).

<u>CONCLUSION</u>

For the reasons discussed above, IT IS ORDERED that Plaintiffs' motion to modify the scheduling order[50] is denied;

IT IS FURTHER ORDERED that Plaintiffs' motion to extend time to file a memorandum in opposition to Defendant Reliance's motion for summary judgment[51] is granted in part. Plaintiffs must file their opposition to Reliance's motion no later than April 5, 2024;

IT IS FURTHER ORDERED that the stay issued regarding Reliance's motion for summary judgment[52] is lifted;

IT IS FURTHER ORDERED that the hearing set for March 26, 2024, at 10:00 a.m.[53] is stricken; and

IT IS FURTHER ORDERED that, within 10 days of the date of this Memorandum Decision and Order, counsel for Lighthouse Safety, LLC must file a Rule 7.1(a)(2) disclosure, identifying—as of the date this action was commenced—every member of the LLC and their

---

[50] (ECF No. 36.)

[51] (ECF No. 41.)

[52] (*See* ECF No. 42.)

[53] (*See* ECF No. 46.)

respective citizenship and domicile and must also, to the extent applicable, include all the disclosure information mentioned above.

DATED this 21st day of  March 2024.

BY THE COURT:

_____
Dustin B. Pead
United States Chief Magistrate Judge